IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

FILED BY ~~ D.C.

05 AUG -2 PM 4: 55

THOMAS M. GOULD
CLERK, U.S. DISTRICT COURT
W/D OF TN, MEMPHIS

MARVIN RAY SPEARS,

    Plaintiff,

v.

CANADIAN NATIONAL / ILLINOIS
CENTRAL RAILROAD, f/k/a
ILLINOIS CENTRAL RAILROAD,

    Defendant.

No. 03-2961 -B

---

## ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

Marvin Ray Spears, Plaintiff, filed this action under the Railway Labor Act, ("RLA"), 45 U.S.C. §§ 151-188, seeking to reverse the decision of the Railway Labor Adjustment Board ("Board" or "RLAB") in upholding the decision of the Defendant, Canadian National/Illinois Central Railroad ("CNIC" or "Railroad"), to terminate the Plaintiff for excessive absenteeism in September 1996. Before the Court is Defendant's motion for summary judgment and/or motion to dismiss pursuant to Rule 56 and Rule 12(b)(6), Federal Rules of Civil Procedure. Plaintiff has responded to the motion which is now appropriate for disposition.

<u>FACTS</u>

Plaintiff was employed by the Defendant as a trainman in Memphis, Tennessee. After missing many work days, CNIC conducted an investigation hearing on September 25, 1996 to determine whether Plaintiff was excessively absent during the period from June 1, 1996 through September 14, 1996. (Def.'s Mem. Law Supp. Its Mot. Summ. J. Mot. Dismiss Statement Undisputed Material Facts at 5 ("Def.'s Mem.").) As a member of the United Transportation Union

This document entered on the docket sheet in compliance
with Rule 58 and/or 79(a) FRCP on <u>8-3-05</u>



("UTU"), Spears was represented by a union official at the investigation hearing and throughout the grievance process. (Def.'s Mem. at 3 n.3.) A stenographer, J. B. Milam, prepared a transcript of the September 25 hearing. (Pl.'s Resp. at 2.) On September 30, 1996, Spears was terminated by letter from W. D. Hall, a Trainmaster for the Defendant, for excessive absenteeism in  violation of operating department rules "P" and "H" requiring Spears to work regularly without undue absences. (Pl.'s Resp. at 3.) Plaintiff appealed the decision through the grievance process established by CNIC and the UTU  which ultimately resulted in a review by the Railway Adjustment Board. (Pl.'s Resp. at 3.) On May 24, 2000, Public Law Board No. 6131 with Robert E. Peterson as the chair and neutral member rendered a written opinion upholding Plaintiff's termination. (Pl.'s Resp. at 3.) The Board concluded that

> [t]here is no question in study of the record that the Claimant has a chronic absenteeism problem, whether for sickness or other personal reasons.  As concerns the charge that brings this case to the Board, during the period of time June 1, 1996 to September 14, 1996, the Claimant was absent over 71 percent of the days available to work compared with an overall District 5 average for the remaining 93 train service employees of 12 percent.
>
> During the above mentioned period the Claimant was absent on 66 of the 72 days account his having marked off sick.  This period of absence included 25 days during the period June 1 to July 10, 1996, mostly account, as the Claimant offered in a letter to the Carrier, a deep cough and a head cold for which he had to take various medications, and six days account what the Claimant says was a bad case of diarrhea, for which he finally took Imodium A-D.  The Claimant was warned about being excessively absent on July 9, 1996.  Three days later, on July 12, 1996, and running through August 12, 1996, the Claimant again marked off, maintaining that it took this amount of time to clear up poison ivy from his arms and face.  The Claimant marked up again on August 13, 1996, worked or was available for work for 14 days, and then again marked off on September 4, 1996 for some kind of foot problem, and did not return to work until September 11, 1996.

(Def.'s Supplemental Mem. Law Supp. Its Mot. Summ. J. Mot. Dismiss Statement Undisputed Facts

("Def.'s Supplemental"), Exhibit F.)

Acting pro se, Spears  filed this lawsuit on December 22, 2003 seeking to overturn the Board's decision under the Railway Labor Act.  Several months later, Plaintiff retained an attorney to help him pursue this matter.  Spears seeks to be reinstated with pay for all lost time, with seniority unimpaired and restoration of all benefits.  (Petition Court Review Adjustment Board Decision at 3-4 ("Petition").)  On April 7, 2005, the Court discovered that the record had not been filed with the Court pursuant to 45 U.S.C. § 153 First (q),[1] and consequently, directed the Clerk of the Court to resubmit a copy of the complaint to the RLAB.  Thereafter, the Board filed the record with the Clerk at which time the Court gave the parties time to submit supplemental briefs, which both Plaintiff and Defendant have done.

## STANDARD FOR SUMMARY JUDGMENT

Rule 56(c) provides that a

> judgment . . . shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.

Fed. R. Civ. P. 56(c); see Celotex Corp. v. Catrett, 477 U.S. 317, 322,  106 S.Ct. 2548, 2552, 91 L.Ed.2d 265 (1986); Canderm Pharmacal, Ltd. v. Elder Pharmaceuticals, Inc., 862 F.2d 597, 601 (6th Cir. 1988).  In reviewing a motion for summary judgment, the evidence must be viewed in the light most favorable to the nonmoving party. Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp., 475 U.S. 574, 587, 106 S.Ct. 1348, 1356, 89 L.Ed.2d 538 (1986).  When the motion is supported by documentary proof such as depositions and affidavits, the nonmoving party may not rest on his

---

[1] Section 153 First (q) requires that after the clerk of the court transmits a copy of the complaint to the Adjustment Board, the Board "shall file in the court the record of the proceedings on which it based its action." 45 U.S.C. § 153 First (q).

3

pleadings but, rather, must present some "specific facts showing that there is a genuine issue for trial." Celotex, 477 U.S. at 324, 106 S.Ct. at 2553. It is not sufficient "simply [to] show that there is some metaphysical doubt as to the material facts." Matsushita Elec. Indus. Co., 475 U.S. at 586, 106 S.Ct. at 1356. These facts must be more than a scintilla of evidence and must meet the standard of whether a reasonable juror could find by a preponderance of the evidence that the nonmoving party is entitled to a verdict. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 252, 106 S.Ct. 2505, 2512, 91 L.Ed.2d 202 (1986). Summary judgment must be entered "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." Celotex, 477 U.S. at 322, 106 S.Ct. at 2552. In this circuit, "this requires the nonmoving party to 'put up or shut up' [on] the critical issues of [his] asserted causes of action." Lord v. Saratoga Capital, Inc., 920 F. Supp. 840, 847 (W.D. Tenn. 1995) (citing Street v. J.C. Bradford & Co., 886 F.2d 1472, 1478 (6th Cir. 1989)). The "judge may not make credibility determinations or weigh the evidence." Adams v. Metiva, 31 F.3d 375, 379 (6th Cir. 1994).

## ANALYSIS

Congress passed the Railway Labor Act "to promote stability in labor-management relations by providing a comprehensive framework for resolving labor disputes." Hawaiian Airlines, Inc. v. Norris, 512 U.S. 246, 252, 114 S.Ct. 2239, 129 L.Ed.2d 203 (1994). To effect this goal, the RLA "provides for mandatory arbitration of all disputes 'growing out of grievances or out of the interpretation or application of agreements concerning rates of pay, rules, or working conditions.'" Bradley v. Alton & Southern Ry. Co., No. 04-1649, 2004 WL 1719297, at **2 (7th Cir. July 29, 2004) (citing 45 U.S.C. § 153 First (i)). With regard to an appeal of a Board's decision, "[j]udicial

4

review of an arbitration award is very limited, and review of the decision of a public arbitration board under the Railway Labor Act 'is among the narrowest known to the law.'" Finley Lines Joint Protective Bd. Unit 200 v. Norfolk S. Ry. Co., 312 F.3d 943, 946 (8th Cir. 2002) (quoting Bhd. of Maint. of Way Employees v. Terminal R.R. Ass'n, 307 F.3d 737, 739 (8th Cir. 2002). "Courts are not authorized to review the arbitrator's decision on the merits despite allegations that the decision rests on factual errors or misinterprets the parties' agreement . . . . [I]f an arbitrator is even arguably construing or applying the contract and acting within the scope of his authority, the fact that a court is convinced he committed serious error does not suffice to overturn his decision." Id. (quoting Major League Baseball Players Ass'n v. Garvey, 532 U.S. 504, 509, 121 S.Ct. 1724, 149 L.Ed.2d 740 (2001)).

The Railway Labor Act sets out three grounds for "judicial review of an Adjustment Board's decision: (1) failure of the Board to comply with the Railway Labor Act's requirements; (2) failure of the Board to conform or confine itself to matters within the scope of its jurisdiction; and (3) fraud or corruption of a Board member." Kinross v. Utah Ry. Co., 362 F.3d 658, 661 (10th Cir. 2004) (citing 45 U.S.C. § 153 First (q)). In Union Pacific Railroad Co. v. Sheehan, 439 U.S. 89, 92-93, 99 S.Ct. 399, 58 L.Ed.2d 354 (1978), the Supreme Court made clear that claims of error arising from Adjustment Board proceedings, which do not fall within any of the three limited categories of review, may not be considered. The Court observed that "Congress considered it essential to keep . . . so-called 'minor' disputes within the Adjustment Board and out of the courts." Id. at 94, 99 S.Ct. at 401-02. "A court may set aside an arbitration panel's decision as exceeding the panel's jurisdiction only if the award does not 'draw [] its essence from the letter or purpose of the collective bargaining agreement.'" Fine v. CSX Transp., Inc., No. 99-1645, 2000 WL 1206526, at * 2 (6th Cir.

Aug. 18, 2000) (quoting <u>Loveless v. Eastern Air Lines, Inc.</u>, 681 F.2d 1272, 1276 (11th Cir. 1982)).

"[T]he judicial function is at an end in arbitration cases when the court is satisfied that the arbitrators

were interpreting the contract rather than doing something else." <u>Id.</u> (citations omitted). In order

for a court to overturn the public law board's decision, the plaintiff is required to prove that the

board's decision was "wholly baseless and without foundation and reason." <u>Schneider v. Southern</u>

<u>Ry. Co.</u>, 822 F.2d 22, 24 (6th Cir. 1987).

Defendant argues that the Plaintiff has failed to produce any evidence establishing that the

Board did not comply with the requirements of the RLA and that it did not confine itself to matters

within the scope of its jurisdiction.[2] In addition, CNIC asserts that Spears has not established that

the Board's decision was baseless and without foundation or reason. Finally, the Railroad maintains

that dismissal is appropriate under Rule 41(b), Federal Rules of Civil Procedure, for the Plaintiff's

failure to cooperate in discovery.[3] The Court will address these arguments in turn.

---

[2] In his complaint, Plaintiff initially asserted that the Board engaged in fraud or corruption. Defendant argues in its motion that Plaintiff has failed to produce any evidence substantiating the claim. Spears has not addressed this argument in either his first or second response to Defendant's motion. Accordingly, it appears that Plaintiff has abandoned this contention. Even if Spears has not foregone this claim, it would still be dismissed due to the lack of evidence supporting it. <u>See</u> <u>Goff v. Dakota, Minnesota & Eastern R.R. Corp.</u>, 276 F.3d 992, 996 (8th Cir. 2002) (holding that under § 153, the plaintiff "must prove the existence of fraud by clear and convincing evidence, that the fraud was not discoverable by due diligence before or during the proceeding, and that the fraud was materially related to an arbitrated issue"). In his deposition, Plaintiff conceded that he was unaware of any fraud or corruption by the Board. (<u>See</u> Deposition of Marvin Ray Spears at 104-05, attached to Def.'s Second Supplemental Mem. Law Supp. Its Mot. Summ. J. Mot. Dismiss Statement Undisputed Material Facts ("Def.'s Second Supplemental Mem.").) Thus, Spears' claim on this issue is DISMISSED.

[3] However, because Plaintiff has since appeared for his deposition and based on the Court's determination on Defendant's other positions, CNIC's argument under Rule 41(b) need not be addressed.

## A. *The Board's compliance with the RLA*

In his initial response to the Defendant's motion, Plaintiff contended that the Board failed to comply with the RLA by not filing a copy of the record with the Court as required by 45 U.S.C. § 153 First (q). Now that the record has been submitted by the RLAB, Spears claims that the Board is not in compliance with the RLA because a transcript of the hearing before the Board was not included. (Pl.'s Second Combined Resp. Supplemental Mem. Def.'s Mot. Summ. J. Dismiss at 3 ("Pl.'s Second Resp.").) As support for his position, Plaintiff points to 45 U.S.C. § 153 First (q) which provides that, after the employee has filed a petition with the district court, "[a] copy of the petition shall be forthwith transmitted by the clerk of the court to the Adjustment Board. The Adjustment Board shall file in the court the record of the proceedings on which it based its action." 45 U.S.C. § 153 First (q). According to Spears, it is implicit in the statutory provision that, in order for a court to review the record of a proceeding, a stenographic transcript of the Board's hearing must be available in every case. (Pl.'s Second Resp. at 4.) Plaintiff submits that he owes no responsibility to make certain that the proceedings are recorded and transcribed. (Pl.'s Second Resp. at 4.)

Section 153 First (q) only requires that the Board file a copy of the record. When the Board filed the record in this case, it included a letter, dated May 6, 2005, which stated that "we have enclosed the record of proceedings on which the National Mediation Board based its action in Public Law Board No. 6131, Award Nos. 8 and 9." (See Docket Entry No. 37 (hereinafter "RLAB Record").) Additionally, as CNIC points out, the Board's opinion noted that it had considered all the evidence, which apparently included the transcript of the investigation hearing by CNIC, and found no merit to Plaintiff's claims. (Def.'s Supplemental at 5-6; Opinion of Public Law Board No. 6131, Award No. 09, attached to Petition.) Similar records, including the transcripts of the

7

investigation hearings, have been before other courts, although the completeness of the record, i.e., the lack of a transcript of the hearing before the Railway Board, was not raised as an issue. See Kinross, 362 F.3d at 659 (stating "[t]he record before the Board included the termination hearing transcript and written submissions from Mr. Kinross and Utah Railway"); Clayton v. Missouri Pac. R.R. Co., 452 F. Supp. 107, 108 (M.D. La. 1978) (indicating that "the case was submitted on the record, including briefs of counsel, transcripts of the initial hearing by the carrier and the findings of Public Law Board No. 600"). Nothing in 45 U.S.C. § 153 First (q) states that failing to include in the record a copy of the transcript of the hearing before the Board is a violation of the RLA. Plaintiff has not cited to any authority suggesting that such an omission would run afoul of the RLA. Additionally, Spears has not alleged that the Board did not comply with the RLA during the hearing itself. Even if the failure to provide a transcript of that hearing could be considered a violation of the RLA, the Court is still without power to overturn the Board's decision unless it was "wholly baseless and without foundation and reason." See Schneider, 822 F.2d at 24. The Board based its decision on the undisputed fact that Spears was absent from work over 60 days during the period under investigation. (See Opinion of Public Law Board No. 6131, Award No. 09, attached to Petition.) This reason alone precludes a finding that the Board's decision was "wholly baseless" or "without foundation." Accordingly, because the Board's decision is not without basis, the Court finds that its failure either to record and transcribe the hearing or to submit a copy of the transcript is of no consequence under the Court's narrow standard of review.

### B. Board's Confinement to Matters Within the Scope of Its Jurisdiction

"In order for the Court to find that the Board's decision is outside the scope of the division's jurisdiction, the decision must be without foundation in reason or fact . . . or wholly baseless and

without reason." Grimes v. Louisville and Nashville R.R. Co., 583 F. Supp. 642, 651 (S.D. Ind.

1984), aff'd, 767 F.2d 925 (7th Cir. 1985) (citing Gunther v. San Diego & Arizona E. Ry. Co., 382

U.S. 257, 86 S.Ct. 368, 15 L.Ed.2d 308 (1965); see also Laday v. Chicago Milwaukee, St. Paul and

Pac. R.R. Co., 422 F.2d 1168 (7th Cir. 1970)). Indeed, the Board's decision may not be disturbed

unless it is found to be "actually and undisputedly without foundation or reason in fact." Laday, 422

F.2d at 1171.

According to the Plaintiff, the Board acted outside the scope of its jurisdiction because its

denial of Spears' claim was an attempt by the Board to offset any possible racial challenges by an

African-American employee who was terminated at the same time as Plaintiff, a Caucasian. (Pl.'s

Resp. at 8.) Plaintiff cites to the Board's decision in which it referenced the other employee's case

by noting

> [a]s the Board stated in its Award No. 8, we can appreciate a need for an employee
> to be off from work account occasional illness or a need to attend to a personal
> matter. However, as the Board likewise stated in Award No. 8, the Carrier has the
> right to expect that its employees will report to work with a high degree of regularity.
> We would here also again note, as set forth in the awards of other boards that we
> have cited in Award No. 8, that absences for even reasons of illness may, if continued
> over a length of time, be held to be excessive and thus cause for an employee to be
> dismissed from service.

(Opinion of Public Law Board No. 6131, Award No. 09, attached to Petition.)  In addition, Spears

points to the coincidental dates involved in his and the other employee's cases: both employees were

dismissed on September 30, 1996 for absenteeism from June 1, 1996 to September 14, 1996. (Pl.'s

Resp. at 9.)

The Court notes that Plaintiff only makes reference to vague comments in the Board's

decision which references the African-American employee's dismissal. See Finley Lines Joint

9

Protective Bd. Unit 200, 312 F.3d at 947 (holding "it is well established that arbitrators may look to outside sources, including prior unrelated awards, without straying beyond their jurisdiction to interpret and apply the collective bargaining agreement"). Such a reference is insufficient to cause this Court to overturn the Board's decision under its standard of review. See Brown v. Burlington N. R.R. Co., No. 85 C 0093, 1985 WL 2938, at *2 (N.D. Ill. Oct. 2, 1985) (stating "this court does not need to decide whether the practice of discrimination is a legitimate ground for review or constitutes a failure to comply with the requirements of the [RLA] because we find no evidence of discrimination by the Board"). Clearly, as Plaintiff admits that he had been absent from work on various occasions, the Board's decision to terminate him cannot be said to be "actually and undisputedly without foundation or reason in fact." See Laday, 422 F.2d at 1171. Arbitrators "have no obligation to the [c]ourt to give their reasons for an award." Eastern Airlines, Inc. v. Transport Workers Union, 580 F.2d 169, 173 (5th Cir. 1978) (quoting Steelworkers v. Enterprise Corp., 363 U.S. 593, 597-98, 80 S.Ct. 1358, 1361, 4 L.Ed.2d 1424 (1960)). "Mere ambiguity in (his or her) opinion . . . which permits the inference that the arbitrator may have exceeded (his or her) authority, is not a reason for refusing to enforce the award." Id.

Plaintiff also maintains that the Board wrongfully considered his prior leaves of absence which he took several years before June 1, 1996. Spears claims that his prior leaves improperly influenced the Board's decision in concluding that he had been excessively absent from work between June 1, 1996 and September 14, 1996. (Pl.'s Second Resp. at 5-6.) In response, the Defendant submits that the only mention of Plaintiff's earlier leaves of absence was in connection with the Board's recognition that Spears had been employed by CNIC for twenty-two years and argues that nowhere in the decision does it state these previous absences played any role in its

determination.  (Def.'s Second Supplemental Mem. at 7.)

Nonetheless, Spears' argument does not establish that the Board's decision was baseless. Plaintiff's argument merely raises an evidentiary issue which does not fall within any of the grounds for review under 45 U.S.C. § 153 First (q).  See Bates v. Baltimore and Ohio R.R. Co., 9 F.3d 29, 32 (7th Cir. 1993) (An evidentiary dispute does not fall within any of the narrow jurisdictional bases for review under 45 U.S.C. § 153 First (q).).  Further, in ruling on Plaintiff's claim, the Board only cited to Spears' absences between June 1, 1996 and September 14, 1996 as grounds which would support his termination.  (See Opinion of Public Law Board No. 6131, Award No. 09, attached to Petition.)  Accordingly, Plaintiff's claim does not establish that the Board's decision was without foundation.  Likewise, it is not an issue which may be reviewed under § 153 First (q).

Next, Plaintiff maintains that the Board's decision relied on the investigation hearing which contained flawed calculations comparing the percentage of days Plaintiff was absent from work versus the number of times his peers were absent.  (Pl.'s Resp. at 10.)  However, even assuming that the Plaintiff's assertions are true, this discrepancy would not allow the Court to overturn the Board's award as "actually and undisputedly without foundation and reason in fact."  See Diamond v. Terminal Ry. Alabama State Docks, 421 F.2d 228, 233 (5th Cir. 1970) ("In court the findings . . . of the Board are 'conclusive.'").  Courts cannot review the arbitrators decision on the merits "despite allegations that [it] rests on factual errors."  See Finley Lines Joint Protective Bd. Unit 200, 312 F.3d at 946 (citation omitted).  "The federal courts do not sit as super arbitration tribunals in suits brought to enforce awards of the Adjustment Board.  They may not substitute their judgments for those of the Board . . . ."  See Diamond, 421 F.2d at 233.  Moreover, the Court "need not inquire whether substantial evidence supports the Board's awards."  See id.  Even so, as Plaintiff concedes that he

11

was absent from work over 60 days during the period of time between June 1 and September 14, the Court finds the Board's decision was neither baseless nor wholly without reason or foundation. See Laday, 422 F.2d at 1171.

Plaintiff also claims that the Board's decision was erroneous because W. D. Hall, the investigating officer, would not allow R. N. Porter, the employee representative, to question Plaintiff's witness, S. J. Peregoy, at the investigation hearing. (Pl.'s Second Resp. at 8.)  At the hearing, Hall restricted Porter's questioning of Peregoy to unsafe work conditions existing between June 1, 1996 and September 14, 1996 because that was the period under investigation. (RLAB Record, Ex. A at 37-38.)  However, assuming that matters in the investigation hearing could render the Board's decision baseless, this is an evidentiary dispute which, as stated above, does not fall within any of the narrow jurisdictional grounds for review.   See Bates, 9 F.3d at 32.  Moreover, federal courts may not substitute their judgment for those of the Board and need not determine whether substantial evidence supports the award. See Diamond, 421 F.2d at 233.  The fact remains that Plaintiff missed a substantial number of days during the period in question.  The Court finds that Hall's limitation in questioning does not render the Board's decision improper.

Next, Plaintiff states in his memorandum that he adopts the arguments set forth in pages 3 through 11 of the Employee's Submission filed before Public Law Board No. 6131. (See Pl.'s Resp., Ex. 1 & 3.)  In his submission, Spears argues that the Board incorrectly interpreted the terms "be absent" and asserts that he could not return to work and still be in compliance with Rule P of the agreement.  However, a court's judicial function is at an end "when the court is satisfied that the arbitrators were interpreting the contract rather than doing something else." See Fine, No. 99-1645, 2000 WL 1206526, at *2.  As Plaintiff is arguing that the Board incorrectly interpreted Rule P, the

Court finds Spears' argument unpersuasive. See <u>Finley Lines Joint Protective Bd. Unit 200</u>, 312 F.3d at 946 (courts may not review the board's decision even when a party claims that it misinterpreted the parties' agreement).

Likewise, in Plaintiff's second response, he claims that any use of a percentage comparing his absenteeism to his peers "is contrary to the contractual rights set forth in the Schedule of Wages and Rules, revised January 1, 1986." (See Pl.'s Second Resp. at 9 (citing RLAB Record, Ex. N).) Spears points to Article 3 of the revised Schedule which states

> [t]he management recognizes that in some circumstances an employee is entitled to be permitted to be absent from work regardless of the availability of extra men . . . The management also recognized that, for good reason, such as urgent personal business or working long hours, an employee should be permitted to be absent from work within reasonable limits. . . It is recognized that Transportation Department Rule P requires permission to be off. . . Finally, it is recognized that the company is warranted in controlling the privileges of laying off although it should do so reasonably.

(Pl.'s Second Resp. at 9 (quoting RLAB Record, Ex. N).)

After examining the language in Article 3 highlighted by Spears, the Court is unable to conclude that such language prevents the use of a percentage of Plaintiff's absences as evidence. Furthermore, because interpretation of the contract is left to the Board and not to the Court, Plaintiff's argument is unavailing. See <u>Assoc. of Flight Attendants v. Horizon Air Indus., Inc.</u>, 280 F.3d 901, 906 (9th Cir. 2002) (stating that under § 153 the Board has exclusive jurisdiction to interpret a collective bargaining agreement).

Finally, Spears submits that Hall was biased because he was both the officer conducting Plaintiff's investigation hearing as well as the charging officer. (See Pl.'s Second Resp. at 8.) In response, CNIC contends that Plaintiff has offered no evidence that Hall oversaw the investigation

hearing in an improper manner. (Def.'s Reply Br. Supp. Its Mot. Summ. J. at 10.)  Spears has not cited to any legal authority nor has the Court found any which would support his contention. Moreover, the Court notes that, although Hall took part in the initial investigation hearing conducted by CNIC, he did not sign the Board's opinion which stated that it reviewed the investigation hearing and independently rendered its decision.  (See Opinion of Public Law Board No. 6131, Award No. 09, attached to Petition.)  Without any evidence demonstrating how Hall's involvement biased his overseeing of the investigation hearing or the decision of the Board, the Court finds Spears' assertion without basis.  See Laday, 422 F.2d at 1171 (stating that the Board's decision may not be disturbed unless it was "actually and undisputedly without foundation or reason in fact").

CONCLUSION

For the reasons articulated herein, the Defendant's motion for summary judgment is GRANTED.

**IT IS SO ORDERED** this ___ day of August, 2005.

J. DANIEL BREEN
UNITED STATES DISTRICT JUDGE

14

UNITED STATES DISTRICT COURT - WESTERN DISTRICT OF TENNESSEE



# Notice of Distribution

This notice confirms a copy of the document docketed as number 48 in case 2:03-CV-02961 was distributed by fax, mail, or direct printing on August 3, 2005 to the parties listed.

---

John M. Moore
KIRKPATRICK MOORE & WESTBROOK
100 N. Main Street
Ste. 2900
Memphis, TN 38103

W. Bradley Gilmer
McLEARY DOMICO & KYLE, PLLC
100 Peabody Place
Ste. 1250
Memphis, TN 38103

Kenneth O. Cooper
McLEARY DOMICO & KYLE, PLLC
100 Peabody Place
Ste. 1250
Memphis, TN 38103

Marvin Ray Spears
6912 Poplar
Germantown, TN 38138

Harold W. McLeary
McLEARY DOMICO & KYLE, PLLC
100 Peabody Place
Ste. 1250
Memphis, TN 38103

Honorable J. Breen
US DISTRICT COURT